UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-00525-JLS-JC                                                      Date: October 03, 2025
Title:  Daniel J. Wright v. JPMorgan Chase & Co et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Kelly Davis | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:       ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                                Not Present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER DENYING WITHOUT PREJUDICE MOTION FOR ATTORNEYS' FEES (Doc. 48)**

   Plaintiff Daniel J. Wright filed this putative class action against Defendants JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. on January 21, 2025.  (Compl., Doc. 1.)  Plaintiff alleged that Defendants wrongfully used assets in their employees' 401K plans, which were subject to the provisions of the Employment Retirement Income Security Act ("ERISA").  (*Id.* ¶¶ 1–2.)  Plaintiff brought claims for (1) breach of fiduciary duty under ERISA; (2) breach of ERISA's anti-inurement provision; (3) breach of ERISA's prohibited transactions; and (4) failure to monitor fiduciaries.  (*Id.* ¶¶ 32–54.)  Defendants moved to dismiss all claims.  (Mot. to Dismiss, Doc. 30.)  On June 13, 2025, the Court granted Defendants' motion to dismiss, finding that "Plaintiff's ERISA claims rest on a misinterpretation of the Plan's terms and a novel legal theory that is unsupported by present law."  (Order Granting MTD at 13, Doc. 42.)  The Court entered judgment dismissing all claims with prejudice on June 27, 2025, and on July 8, 2025, Plaintiff filed a notice of appeal to the Ninth Circuit.  (Judgment, Doc. 44; Notice of Appeal, Doc. 46.)

   On July 11, 2025, Defendants filed the instant motion pursuant to 28 U.S.C. § 1132(g)(1), seeking to recover attorneys' fees as a prevailing party.  (Mot. for Fees at 13–14, Doc. 48.)  Determining whether a prevailing party is entitled to an award of fees in an ERISA case typically involves the application of a five-factor test from *Hummell v.*

| **CIVIL MINUTES – GENERAL** | 1 |
|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-00525-JLS-JC                                                                 Date: October 03, 2025
Title:  Daniel J. Wright v. JPMorgan Chase & Co et al

*S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980). *See Simonia v. Glendale Nissan/Infiniti Disability Plan*, 608 F.3d 1118, 1122 (9th Cir. 2010) (applying factors). That is, courts must consider:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

*Hummell*, 634 F.2d at 453.  Defendants currently seek $161,645.80 in fees.  (Mot. for Fees at 25.)  But Defendants also state that they "do[] not waive, and do[] not intend to waive, [their] right to seek all the attorneys' fees and costs [they] incur[] in responding to Plaintiff's appeal."  (*Id.* at 10 n.3.)

Where a judgment is pending appeal, a court may defer ruling on a motion for attorneys' fees or deny it without prejudice until the resolution of the appeal.  *See, e.g.*, *Dufour v. Allen*, 2015 WL 12819170, at *2 (C.D. Cal. Jan. 26, 2015) (denying without prejudice motions for attorneys' fees due to pending appeal); *Jones v. Cnty. of Tulare, California*, 2024 WL 3673150, at *2 (E.D. Cal. Aug. 5, 2024) (holding in abeyance a motion for attorneys' fees pending appeal); *see also* Fed. R. Civ. P. 54(d)(2)(B) advisory committee's note to 1993 amendment ("If an appeal on the merits of the case is taken, the court may … defer its ruling on the motion [for fees] or may deny the motion without prejudice[.]").

The Court determines that denying the motion without prejudice pending the resolution of the appeal is the best course of action, as it serves the interests of judicial

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-00525-JLS-JC                                                                          Date: October 03, 2025
Title:  Daniel J. Wright v. JPMorgan Chase & Co et al

economy.  The Ninth Circuit's decision may influence this Court's analysis of the *Hummell* factors, especially the fifth factor involving the relative merits of the parties' positions.  And Defendants indicate that they may seek to recover additional fees incurred on appeal, raising the possibility of duplicative work if the Court were to rule on the merits of the present motion.

     Accordingly, the Court DENIES Defendants' motion without prejudice pending the resolution of Plaintiff's appeal to the Ninth Circuit.  The hearing on Defendants' motion for attorneys' fees set for October 10, 2025, at 10:30 a.m. is VACATED.  If not mooted by the appeal, Defendants may renew their motion within **fourteen (14) days** of the Ninth Circuit's issuance of a mandate.

                                             Initials of Deputy Clerk: kd